CANTERO, FERNÁNDEZ & Co., INC., ET AL., Plaintiffs and Appellees, *v.* JUAN B. HUYKE, Commissioner of Education, Defendant and Appellant.

No. 4772. Argued June 19, 1929.—Decided June 23, 1930.

*James R. Beverley, Attorney General,* and *Ricardo A. Gómez* for appellant. *L. Toro Cabañas* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

After the hearing of a petition for injunction filed in the District Court of San Juan on October 22, 1926, by several booksellers, who pay taxes as such and whose business includes the sale of textbooks to students, that court held as proved that the Department of Education had sold books to private individuals, who could not be presumed to be pupils in any school since they were employees of the booksellers, to the value of $100, and that the said department was selling books to any person who asked for them. It accordingly entered a decree enjoining the Commissioner of Education from selling or delivering any textbooks used in the public schools of the Island to persons other than pupils in the said schools.

The above finding of fact made by the lower court is not challenged on appeal by the defendant Commissioner, who urges, as the only grounds of his appeal: That the court erred in granting the injunction in disregard of the equities of the case which favor the defendant; and in construing the Organic Act and the laws of Puerto Rico relating to the Commissioner of Education and his authority for selling books to school pupils.

The first ground set up is predicated on the claim that the petitioners and appellees used fraud in purchasing from the Department of Education school textbooks, and that the said department never intended to sell such books to private persons. Notwithstanding that intention, it is a fact that

the books were being sold to .any person who offered to buy them, by simply paying the price. But it is unnecessary for us to pass upon this question now, because, as the lower court accepted the statements made by employees of the Department of Education regarding the lack of such an intention, it did not embody in its judgment the prohibition to sell to such private persons as the appellees.

The allegation of fraud has no foundation, because the appellees did not succeed in having the books sold to them by posing as school pupils, as what happened was that, on receiving information that the Department of Education was selling textbooks to any person without any other requisite than paying for them, and for the purpose of verifying such information, one of them sent an employee of his store to buy a certain quantity of various school textbooks, valued in a large sum of money, and the books were sold to the said employee without inquiries of any sort. Another appellee did the same thing, with the identical result, except that on receiving the order for delivery of the books to him from the Department, he kept the order and did not call for the books. This was not fraud, but only the verification of a fact, of which they knew from hearsay and which it was necessary for them to verify in order to establish it.

The second ground of the appeal raises the question as to the authority of the Commissioner of Education to sell school textbooks to the pupils in a school, whether or not such a school is a public one.

According to section 17 of Organic Act, the Commissioner of Education shall superintend public instruction throughout the Island and shall prepare all courses of study as well as rules governing the selection of teachers, and shall perform such other duties, not inconsistent with the said act, as may be prescribed by law.

Act No. 6, approved November 9, 1917 (Session Laws, p. 206), provides that any meritorious student graduated from

the eighth grade of the public schools of Puerto Rico desiring to continue his studies in any of the public schools, who is unable to do so for lack of financial means with which to acquire the necessary textbooks, may apply to the Commissioner of Education to furnish him with such textbooks; and he must state in his application, among other things, that he lacks the necessary money to purchase them, and must present a certificate from the principal of the school where he passed his eighth grade as to his good behavior. The sum of $5,000 was appropriated for the purchase of such books.

The budget for the fiscal year 1926–27 contains the following item:

*"Textbooks and school supplies:* For the purchase of school textbooks, school equipment and school supplies, and for freight and insurance charges on same; *Provided,* That school textbooks and supplies shall be furnished free on charge to the pupils of the public schools up to and including the eighth grade, and the Commissioner of Education may authorize the sale of school text-books to pupils in accordance with rules and regulations made by him; *And provided, further,* That the pupils of all high and continuation schools shall provide their own textbooks and supplies, in accordance with rules and regulations made by the Commissioner of Education, except as provided by 'An Act to provide textbooks for certain students in the high schools of Porto Rico', approved November 9, 1917, $100,000.00; for certain high-school pupils, as provided by Act of November 9, 1917, $5,000.00. *In all,* $105,000."

The cited statutes show that the intention of the Legislature has been to furnish free of charge school textbooks to public-school pupils in elementary courses comprising eight grades, and that high-school pupils must buy their books, unless unable to do so. Therefore, the Commissioner of Education is not authorized to sell school textbooks to high-school pupils, except in certain cases, and he is not authorized to sell books to pupils in the private schools. Such an authority can not be based on the provisions of our Organic Act to the effect that the Commissioner of Education shall superintend public instruction throughout this

Island, as the power to sell textbooks is not included in that of superintending public instruction.

The judgment appealed from must be affirmed.